[Civ. No. 779. First Appellate District.—January 7, 1910.]

## CHARLES T. CONLAN, Petitioner, v. THE SUPERIOR COURT, ETC., IN AND FOR THE CITY AND COUNTY OF SAN FRANCISCO, and Hon. FRANK J. MURASKY, Judge Presiding in Department No. 2 Thereof, Respondents.

JURISDICTION OF ELECTION CONTEST—MODE OF SERVICE OF CITATION.— The superior court acquires jurisdiction of an election contest though the citation was not personally served upon the contestee, since section 1911 of the Code of Civil Procedure provides that if he cannot be found, the citation may be served by leaving a copy thereof at the home where he last resided; and such service is constitutional and valid.

ID.—INSUFFICIENT PETITION FOR PROHIBITION.—A petition for prohibition of an election contest which alleges want of personal service of the citation, but fails to state that such service was not made by leaving a copy at the home of the contestee as provided by the law, does not show a want of jurisdiction of the contest.

ID.—DETERMINATION BY TRIAL COURT THAT PETITIONER COULD NOT BE FOUND—QUESTION NOT TRIABLE COLLATERALLY.—If the question was determined by the trial court that the petitioner could not be found for personal service, its determination of that question cannot be tried collaterally upon a petition for the writ of prohibition; but this court must presume in favor of the determination of the judge of original jurisdiction.

ID.—OFFICE OF PROHIBITION.—The writ of prohibition cannot be used as a writ of error to determine any question of fact which it was the province of the trial court to determine. Its sole province is to determine as to whether or not the superior court is proceeding in excess of its jurisdiction.

PETITION for writ of prohibition to the Superior Court of the City and County of San Francisco. Frank J. Murasky, Judge.

The facts are stated in the opinion of the court.

Edward Lande, for Petitioner.

THE COURT.—It is sought by the petitioner herein to obtain a writ of prohibition against the superior court of

the city and county of San Francisco, in an election contest pending in said court, against the petitioner, who has been declared elected to the office of police judge of said city.

It is claimed that the superior court has no jurisdiction to proceed with the contest, for the reason that the citation was not served upon petitioner.

The code provides (Code Civ. Proc., sec. 1119) that the citation may be served upon the party in person, or, if he cannot be found, by leaving a copy thereof at the home where he last resided. The service may be made by leaving a copy as provided in the section under the circumstances therein mentioned, and such service is constitutional and valid. (*Chatham* v. *Mansfield*, 1 Cal. App. 298, [82 Pac. 343].)

The petitioner fails to state in his petition that such service was not made by leaving a copy as provided in the section. If the question was determined by the trial court that the petitioner could not be found, such determination of that question is conclusive upon us in this proceeding. We cannot try the question collaterally. We must presume in favor of the determination of the judge of original jurisdiction. The writ of prohibition cannot be used as a writ of error to determine a question of fact which it was the province of the trial court to determine. Its sole province is to determine as to whether or not the superior court is proceeding in excess of its jurisdiction.

The writ is denied.