[Civ. No. 855.   Second Appellate District.—September 13, 1910.]

## SOUTHERN PACIFIC MILLING COMPANY, a Corporation, Petitioner, v. SUPERIOR COURT OF THE STATE OF CALIFORNIA IN AND FOR THE COUNTY OF LOS ANGELES, Hon. W. P. JAMES, Judge, Respondent.

INSOLVENCY—JURISDICTION OF SUPERIOR COURT—PETITION—AMENDMENT OF FACTS—RELATION—ESSENTIALS OF ORIGINAL.—While a petition in insolvency in conformity with the statute is essential in conferring jurisdiction upon the superior court to adjudicate the insolvency of a debtor upon the petition of his creditors, yet, under the statute as now existing, such jurisdiction may be conferred by amendments to a defective petition, which by relation are taken as embraced in the original, such amendments, however, being confined to the facts stated in the petition, which presupposes, of course, that a petition signed by authority of the requisite number of creditors, properly verified, has been filed.

ID.—SIGNATURES AND VERIFICATION OF CORPORATIONS.—Where the petitioning creditors were four corporations and one individual, the insolvent law being silent as to the character or class of officers authorized to affix the corporate name, the petition may be signed or verified by any one of the officers or agents of the corporation in its behalf.

ID.—PETITION AND VERIFICATION UPON FACE—AUTHORITY—CHANGE AFTER SIGNATURES—QUESTIONS OF FACT.—Where upon their face the petition and verification were sufficient in form and substance, assuming, without deciding, that anyone other than the insolvent may question, before adjudication, the authority of the parties to sign the petition for adjudication, or that such petition has been altered or changed after the signatures thereto were attached, the matter of such authority or the change in the petition still remain questions of fact for the superior court to hear and determine.

ID.—AMENDMENTS OF FACTS TO PETITION—QUESTIONS OF LAW.—The question what amendments are comprehended within the term amendment of facts, and the effect which should be given amendments, remains a question of law, after the trial court has determined the facts.

ID.—PROHIBITION TO PREVENT ADJUDICATION—APPEAL FROM JUDGMENT—ADEQUATE REMEDY AT LAW.—If the petitioner for a writ of prohibition to prevent any adjudication in insolvency is a party to the proceedings in insolvency, and is prejudiced by error of the trial court in connection with the judgment of adjudication, an adequate

remedy at law exists by appeal from that judgment. Prohibition will not lie when such adequate remedy exists.

ID.—SUPPOSITION OF NONINTEREST IN PROCEEDINGS—PROHIBITION NOT ALLOWABLE.—If, upon the other hand, petitioner is not a proper party, who may so appeal, he is not interested in the proceeding in insolvency, and cannot be heard in an application to arrest the order of the court in a case to which he is a stranger.

PETITION for writ of prohibition to the Superior Court of Los Angeles County.   W. P. James, Judge.

The facts are stated in the opinion of the court.

Grant Jackson, and E. W. Squier, for Petitioner.

E. S. Williams, for Respondent.

THE COURT.—Petitioner represents that heretofore, on March 24, 1910, a petition purporting to be signed by four California corporations, together with an individual, all claiming to be creditors of a contracting company each in an amount exceeding $500 on account of debts contracted within this state, and alleging acts of insolvency as defined by the insolvent laws of this state, verified by each person so signing in behalf of the respective corporations to the effect that the person so signing was an officer or agent of the petitioning corporation, and that the facts stated therein were true; this petition so verified was filed in the superior court of Los Angeles county, bearing number 73,780; that in said action and proceeding the contracting company appeared and filed its demurrer, which being sustained, leave was given to amend; that an amended petition was filed sufficient in form and substance to which the contracting company duly filed its answer. That when the original petition was filed a bond as required by the statute was also filed, and subsequently when the amended petition was filed it was accompanied by another bond; that when the amended petition was filed a second order to appear and show cause was issued.   It is not made to appear that the issues presented by the answer of the contracting company have ever been tried.   Petitioner herein, pending the hearing upon the issues presented by the answer of the alleged insolvent, asserting that as an attaching creditor

it had acquired a lien upon the property of the alleged insolvent within thirty days preceding the filing of the original petition, but more than thirty days preceding the filing of the amended petition, by leave of court moved to dismiss the original petition and proceedings connected therewith, upon the grounds that the court had no jurisdiction over the subject matter, because of defects in the petition and bonds, and that the corporate names to the same were signed without authority of the corporations affected thereby. Upon the hearing of said motion, petitioner herein and the moving party tendered proof not only of want of authority, but of interlineations and corrections in the petition for adjudication made therein after the signing and before the filing thereof; the court below refused to admit such evidence and denied the motion to dismiss. Petitioner now comes and by this proceeding seeks to prohibit the superior court from making any order of adjudication of insolvency based upon or connected with the original cause filed in 73,891. The insolvency law confers jurisdiction upon the superior court to adjudicate one an insolvent when five or more resident creditors whose claims aggregate $500 or more petition the court therefor. This petition must be verified by at least three petitioning creditors, and must set forth certain requisite facts. The petition may be amended and corrected so that the same shall conform to the facts and such amendments relate back to and as embraced in the original petition, and the filing of a petition by or against the debtor upon which, or an amendment of which, an order of adjudication of insolvency may be made, shall be deemed to be the commencement of proceedings in insolvency; an appeal is authorized from the order granting or refusing an adjudication of insolvency. While it is true that a petition in conformity with the statute is essential in conferring jurisdiction upon the superior court in cases of this character, yet, under the statute as now existing such jurisdiction may be conferred by amendments to a defective petition which by relation are taken as embraced in the original, such amendments, however, being confined to the facts stated in the petition, which presupposes, of course, that a petition signed by authority of the requisite number of creditors properly verified has been filed. The insolvent law is silent as to the character or class of officers authorized to affix the corporate name.

When so silent the same may be signed or verified by any one of its officers or agents in its behalf. (*Old Settlers Investment Co.* v. *White,* 158 Cal. 236, [110 Pac. 922].) Reading the original petition and its verification together we find that four of the corporate signatures were affixed by officers or agents of such corporations. As to the signature of the fifth creditor, an individual, no question is raised. Assuming for the purpose of this decision, without so deciding, that anyone other than the insolvent may question, before adjudication, the authority of the parties to sign the petition for adjudication, or that such petition has been altered or changed after the signatures thereto were attached, the matter of such authority or the change in the petition still remain questions of fact for the superior court to hear and determine. Upon their face the petition and verification were sufficient in form and substance. What amendments are comprehended within the term amendment of facts, and the effect which should be given amendments to the petition, remains a question of law after the trial court has determined the facts. In the event that a proper party to the proceedings is prejudiced by error of the trial court in connection with the judgment of adjudication an adequate remedy is provided by an appeal. Prohibition will not lie when such adequate remedy exists. (*Cross* v. *Superior Court,* 2 Cal. App. 342, [83 Pac. 816], and cases cited.) If, upon the other hand, petitioner is not a proper party who may so appeal, it must follow that he is not interested in the proceeding and cannot be heard in an application to arrest the order of court in a case to which he is a stranger.

Viewing the case in any light, we are satisfied that the writ should be denied, and it is so ordered.