[Civ. No. 6017.  Second Appellate District, Division Two.—June 13, 1928.]

CITY OF PASADENA (a Municipal Corporation), Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

R. C. McAllaster, City Attorney, and Frederick G. Stoehr, Assistant City Attorney, for Petitioner.

Everett W. Mattoon, County Counsel, and Gordon Boller, Deputy County Counsel, for Respondents.

Warren E. Libby, *Amicus Curiae.*

THOMPSON, J.—In August of 1924 the petitioner herein commenced an action in the Superior Court of Los Angeles County, in which it sought to condemn certain property in the city of Pasadena for the purpose of widening Marengo Avenue in that city. Thereafter, and on the first day of September, 1926, one of the defendants in the condemnation suit instituted an action against the city wherein she sought to enjoin it from proceeding with the condemnation of her land, or levying any assessment against her property for the improvement contemplated by the ordinance of intention, in pursuance of which the complaint for condemnation was filed. After answer was filed and trial had in this latter action the court rendered its judgment restraining and enjoining the city of Pasadena, its board of directors, city attorney, and city engineer from paying out any money for the widening of Marengo Avenue under the ordinance of intention already mentioned and from paying out any money in connection with the condemnation of land for that purpose, and from making and collecting or attempting to collect any assessment against plaintiff's property for the improvement contemplated by the ordinance of intention and from taking any steps in pursuance of the ordinance. This permanent injunction was issued on December 30, 1926. Nothing further was done until February 3, 1928, when Linn A. J. Hutchinson, the defendant in the condemnation action and the plaintiff in the injunction suit, made a motion to set the first-mentioned cause on the trial calendar, stating to the court that she was entitled to have it placed upon the calendar for disposal in view of the refusal of the city to dismiss it. The trial court granted the motion and set the action for trial. This proceeding seeks to prohibit the respondent court from taking any further steps in connection with the motion to set or the order setting the case for trial.

■ Our inquiry is directed by legal instincts to the question of whether the respondent court is without jurisdiction to do the things sought to be prohibited. The rule is so well understood that we may not interfere by prohibition with the exercise of jurisdiction actually possessed by a judicial tribunal, that it requires no citation of authority to support it. Concededly, the respondent court had juris-

diction of the condemnation action at the time it was filed and until December 30, 1926, when the permanent injunction was issued. Was it either divested of or did it exhaust its jurisdiction by this judgment? It may be assumed that the judgment entered in the injunction action is a complete bar to the further prosecution of the condemnation suit in so far at least that it was there found that the initial proceedings were null and void and yet the inquiry is not ended. ■ As this question ordinarily arises the trial court is not necessarily divested of jurisdiction of an action by a judgment which is *res judicata*. It has jurisdiction in the first instance to pass upon that very question and make disposition of the cause accordingly. If it determines the matter erroneously the injured party has his remedy by an appeal, which has been uniformly held is an available and adequate remedy. (*Burge* v. *Justice Court*, 11 Cal. App. 213 [104 Pac. 581]; *Conlon* v. *Superior Court*, 12 Cal. App. 420 [107 Pac. 577]; *Southern Pac. Mill Co.* v. *Superior Court*, 14 Cal. App. 240 [111 Pac. 625].) ■ In the ordinary case where a judgment is relied upon as a bar, the prohibitive writ could not be utilized for the purpose of preventing the court from deciding erroneously or for the purpose of regulating or controlling its procedure. (*Van Hoosear* v. *Railroad Com.*, 189 Cal. 228 [207 Pac. 903]; *Apartment etc. Financing Co.* v. *Will*, 69 Cal. App. 276 [231 Pac. 349], and cases there cited.) In this regard we find nothing to distinguish this from the ordinary case. Undoubtedly if the respondent court determines that the judgment rendered is a bar to the pending case it will enter the proper judgment, but until it shall have rendered some judgment we are not free to interfere.

Peremptory writ denied.

Works, P. J., and Craig, J., concurred.