[S. F. No. 12980. In Bank.—September 5, 1928.]

UNITED SECURITY BANK & TRUST COMPANY, Petitioner, v. SUPERIOR COURT OF ORANGE COUNTY et al., Respondents; SECURITY TRUST & SAVINGS BANK, Intervener.

Cushing & Cushing, LeRoy M. Edwards, H. C. Head and Garret W. McEnerney for Petitioner.

McCutchen, Olney, Mannon & Greene, Warren Olney, Jr., O'Melveny, Tuller & Myers, Louis W. Myers, Walter K. Tuller, Scarborough, Forgy & Reinhaus, S. M. Reinhaus, Lawler & Degnan and Oscar Lawler for Respondents and Intervener.

WASTE, C. J.—Application for writ of prohibition. By this proceeding the petitioner, United Security Bank and

Trust Company, seeks to restrain and prohibit the respondent Superior Court and the Honorable James L. Allen, as judge thereof, from further proceeding with the trial of that certain action entitled *Security Trust & Savings Bank* v. *Security Bank & Trust Company and United Security Bank and Trust Company.* In that action the plaintiff prays the respondent court to enter its decree restraining the defendants from engaging in, carrying on or transacting any banking business in this state under the names of "Security Bank & Trust Company" or "United Security Bank and Trust Company," from acquiring, establishing, or maintaining any branch or office under either of said names, and from further prosecuting a proceeding theretofore commenced in the superior court in and for the city and county of San Francisco, and having for its purpose the entry of a decree changing the original defendant's name from "Security Bank & Trust Company" to "United Security Bank and Trust Company." Examination of the complaint filed in the respondent court and praying the foregoing injunctive relief discloses that the action, the trial of which it is now sought to prohibit, has for its purpose a judicial determination of the respective rights of the parties thereto in and to the use of the word "Security" in their respective titles. This has led petitioner to aver with much of detail a series of transactions and events pointing to the history and development of the opposing institutions.

For the purposes of this proceeding it will suffice to indicate in a general way the salient features brought to light by these allegations. It appears that the Security Trust & Savings Bank, plaintiff in the respondent court, has for a period in excess of thirty-five years carried on in this state a general banking business with the word "Security" appearing in and constituting part of its name. This institution, while it now maintains some fifty-three branch offices under and by virtue of permits issued to it by the superintendent of banks, has continuously up to the present time confined its activities, with one exception, to the county of Los Angeles, the exception referred to being the maintenance of a branch office at La Habra, in Orange County. The Security Bank & Trust Company, original and sole defendant in the action sought to be prohibited, traces its development to a policy of expansion and consolidation which

culminated on October 1, 1927, with the merger of several smaller banking institutions. At least three of the institutions brought within the merger had for many years prior to their amalgamation employed the word "Security" in and as a part of their respective titles. These several consolidations and mergers were, of course, with the prior consent and approval of the superintendent of banks, and resulted in the maintenance by the Security Bank & Trust Company from the date of its inception, in addition to its head office, of approximately fifty-one branches in twenty-two counties of the state.

Petitioner, United Security Bank and Trust Company, came into being on March 31, 1928, at which time the Security Bank & Trust Company, with the approval of the superintendent of banks, consolidated with the Humboldt Bank of San Francisco. Since its creation, petitioner has maintained fifty-four branches in twenty-two counties of the state. Shortly after the creation of the Security Bank & Trust Company, and at divers other times, the Security Trust & Savings Bank protested both orally and in writing to the superintendent of banks against the use of the word "Security" in the name of the former institution, and to the granting of any further branches to it or to any other banking institution having the word "Security" as a part of its name. At or about this time, Security Bank & Trust Company filed applications with the superintendent of banks requesting authority and permission for the establishment of several new branches in different counties, including one at La Habra, Orange County, where, as already stated, the Security Trust & Savings Bank maintained a branch office. Upon the hearing of these applications, the Security Trust & Savings Bank appeared and opposed the granting thereof on the ground that there has of recent years been introduced into this state a new era of branch banking which in time may result in public loss and economic strife should there be any confusion or possibility of confusion in the names of rival and competing banking institutions. On December 10, 1927, and over the protest of the Security Trust & Savings Bank, the superintendent of banks issued to the Security Bank & Trust Company permits and licenses to establish and maintain the several requested branches. Thereafter, and on February 10, 1928, the Security Trust

& Savings Bank instituted the action above referred to, the trial of which petitioner herein seeks to prevent, naming the Security Bank &· Trust Company as defendant therein. Service of summons was had upon the manager of the La Habra, Orange County, branch of said defendant. An extension of time within which to plead to the complaint was requested by and granted to the defendant, and thereafter its demurrer to said complaint was overruled. On March 31, 1928, prior to the expiration of the time within which Security Bank & Trust Company was required to file its answer to the complaint, it consolidated, as above indicated, with the Humboldt Bank, the new institution being known as the United Security Bank & Trust Company, petitioner herein. This change of status and name by the Security Bank & Trust Company prompted the Security Trust & Savings Bank to file, over the defendant's objections, an amended and supplemental complaint in its action then pending before the respondent court, the primary purpose of the amendment being to bring the new institution, United Security Bank & Trust Company, into the action as a party defendant. The defendants then before the respondent court objected to and opposed the filing of such amended and supplemental complaint upon the ground that the court was without jurisdiction both as to the subject matter of the action and the parties defendant. The ground upon which it is sought to prohibit the respondent court from proceeding with the trial of the suit in equity now pending is that the plaintiff there is estopped to maintain the action because of the decision of the superintendent of banks in permitting the use of the name "Security" by the amalgamated banks represented by petitioner, which ruling is claimed to be conclusive. Subsequent to the filing of its petition here, the United Security Bank and Trust Company filed in the respondent court a demurrer to the amended and supplemental complaint, together with notices of motion to dismiss and for change of place of trial, all of which were to be pressed if, and only if, this court should deny relief by way of prohibition.

In response to the alternative writ issued by this court, the respondents on the return date thereof filed their verified return, which, by way of answer to the allegations of the petition, fully covered all matters and proceedings re-

lating to the action. Concurrently with the filing of respondents' return, the Security Trust & Savings Bank, plaintiff in the action in the respondent court, filed herein an application for leave to intervene, on the ground that it is the real party in interest in opposition to the application for prohibition. The request being granted, a complaint in intervention was filed. The intervener thereupon demurred, both generally and specially, to the petition, and also moved to strike out certain portions thereof. Among other matters alleged in the complaint in intervention, it is averred that should petitioner prevail here in its application for the writ the intervener will be deprived of its property and property rights, to wit, its business and goodwill, without due process of law, and will be denied the equal protection of the law. Without waiving, but on the contrary, expressly reserving, the right to insist upon its demurrer to the petition and its motion to strike portions thereof, the intervener further alleges, upon information and belief, that petitioner and its predecessor, Security Bank & Trust Company, with the design, purpose and intention of wrongfully taking and appropriating intervener's business and goodwill, and with the design and purpose of creating and causing confusion on the part of the public, adopted and used a name or title so similar to that of intervener's as to inevitably give rise to such confusion, and that intervener, in order to prevent and preclude the threatened destruction of its property and business and the confusion that would have resulted from the similarity of names, instituted the action, the trial of which is herein sought to be prohibited.

The conclusion we have reached upon the main question of law presented by intervener's general demurrer to the petition, as we see it, renders it unnecessary for us to consider or to determine the many other points raised by the pleadings and the arguments of counsel. As we view this proceeding, the important and the sole question we need consider is whether or not the intervener is conclusively estopped to maintain the action in the Superior Court of Orange County by reason of the finding and action of the superintendent of banks in the matter of the name of the petitioner. In deciding that question, it is not necessary for us to consider at this time whether the action of the superintendent of banks was, or was not, conclusive, for,

in either event, the respondent court has jurisdiction to proceed to a final determination of the issues presented by the action, for the name of a corporation is a necessary element of its existence and, generally speaking, even aside from statutory provision, the right to its use will be protected by the court sitting in equity, so far as may be necessary to safeguard property rights developed under it and to protect against fraud, actual or constructive. (*Italian Swiss Colony* v. *Italian Vineyard Co.*, 158 Cal. 252, 256 [32 L. R. A. (N. S.) 439, 110 Pac. 913]; *Dodge Stationery Co.* v. *Dodge*, 145 Cal. 380 [78 Pac. 879]; *Hainque* v. *Cyclops Iron Works*, 136 Cal. 351 [68 Pac. 1014]; 24 Cal. Jur., pp. 631, 633.)

The contention of the petitioner that the action of the superintendent of banks was conclusive is, when reduced to its lowest terms, based on a doctrine analogous to that of *res judicata* in a judicial proceeding. Its theory is that its right to take and use the word ''Security'' as part of its corporate name has been finally and conclusively established by the action of the superintendent of banks. Assuming, only for the purpose of the decision, that the action of the superintendent of banks was not only conclusive but amounted to an adjudication, that fact does not affect the jurisdiction of the Superior Court to maintain the action, but enters only into its determination of the question before it. If, as claimed by the petitioner, the approval and certificate of the superintendent of banks gave to it the absolute right to its name, notwithstanding that confusion and injury might ensue from its use, that would operate as a defense upon the issues to be decided by the court on the trial of the cause. The finality of the action would not operate as a limitation upon the court's jurisdiction to entertain the action. Consequently a writ of prohibition cannot issue to prevent the respondent court from proceeding with the cause now before it. (Code Civ. Proc., sec. 1102; *Granger* v. *Superior Court*, 159 Cal. 1, 5 [112 Pac. 854].) As it has jurisdiction of the cause, it would be exempt from control by a writ of prohibition, even though it were proceeding erroneously. (*Dowdall* v. *Superior Court*, 183 Cal. 348, 352 [191 Pac. 685].) If the petitioner is correct in the view that the question involved in the action pending in the respondent court has been concluded, it is its duty to

present such objection to that court in the first instance. (*Grinbaum* v. *Superior Court*, 189 Cal. 741 [209 Pac. 1005].)

The settled law of this state on the question we are now deciding is well expressed in a quotation from a very recent decision of the District Court of Appeal in a case in which it was sought to prohibit the Superior Court from proceeding with a pending action on the ground that the question before it was *res judicata*. "As this question ordinarily arises the trial court is not necessarily divested of jurisdiction of an action by a judgment which is *res judicata*. It has jurisdiction in the first instance to pass upon that very question and make disposition of the cause accordingly. If it determines the matter erroneously the injured party has his remedy by an appeal, which has been uniformly held is an available and adequate remedy. (*Burge* v. *Justice Court*, 11 Cal. App. 213 [104 Pac. 581]; *Conlon* v. *Superior Court*, 12 Cal. App. 420 [107 Pac. 577]; *Southern Pac. M. Co.* v. *Superior Court*, 14 Cal. App. 240 [111 Pac. 625].) In the ordinary case where a judgment is relied upon as a bar, the prohibitive writ could not be utilized for the purpose of preventing the court from deciding erroneously or for the purpose of regulating or controlling its procedure. (*Van Hoosear* v. *Railroad Com.*, 189 Cal. 228 [207 Pac. 903]; *Apartment etc. Financing Co.* v. *Will*, 69 Cal. App. 276 [231 Pac. 349], and cases there cited.) In this regard, we find nothing to distinguish this from the ordinary case. Undoubtedly if the respondent court determines that the judgment rendered is a bar to the pending case it will enter the proper judgment, but until it shall have rendered some judgment we are not free to interfere." (*City of Pasadena* v. *Superior Court*, 92 Cal. App. 523 [268 Pac. 664].)

Our conclusion in this matter may, therefore, be briefly stated as follows: The pending action is equitable in its nature and respondent court has original jurisdiction in such cases under section 5 of article VI of the constitution. It is well settled that the court in such an action has the power to grant relief against unfair competition by enjoining the use of a name by one who seeks by imitation or other artifice or device to induce persons to deal with him in the belief that they are dealing with another. Such is the purpose of the plaintiff in the pending action. Whether the plaintiff therein should prevail in whole or in part or at all

may not be inquired into in a proceeding in prohibition. The question is, Has the respondent court jurisdiction to entertain the controversy? Jurisdiction is the power to hear and determine the cause. Having jurisdiction of the parties and the subject matter of the action the respondent court has the power to determine all questions of law and fact properly presentable under the issues tendered. One of the issues of law tendered by the defendants in said action is the proper construction of certain provisions of the Bank Act (Stats. 1909, p. 87). The respondent court has jurisdiction to construe the provisions of the statute and the effect of the action of the superintendent taken thereunder, and that jurisdiction in the first instance is full and complete. If the court's determination as to that matter, or as to any other issue of law or fact presented in the case, be erroneous, the remedy of the petitioner, under the record here presented, is by appeal.

The application for a peremptory writ of prohibition is denied.

Richards, J., Tyler, J., *pro tem.*, Shenk, J., Finch, J., *pro tem.*, and Curtis, J., concurred.

Preston J., deeming himself disqualified, did not participate.