[Civ. No. 16695. Second Dist., Div. Two. Oct. 5, 1948.]

HOWARD GREER CUSTOM ORIGINALS (a Corporation), Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.

Abraham Gottfried for Petitioner.

Harold W. Kennedy, County Counsel, James A. Cobey, Deputy County Counsel, and Geo. W. Rochester for Respondent.

MOORE, P. J.—Petitioner seeks a peremptory writ of prohibition to command the superior court to desist from hearing a motion to set aside a default judgment previously entered.

On March 19, 1948, petitioner filed a complaint naming as defendants "J. C. Capritti doing business under the fictitious firm name and style of Rose Marie of California, John Doe, Richard Roe, Jane Doe, individually and as copartners doing business under the name of Red and Brown Company, a copartnership, and Black and White Company, a corporation." A return having been filed showing personal service of the amended complaint on defendant Capritti, the clerk entered his default on May 17, 1948. The answer of Rose Marie of California, Inc., sued as Black and White Company, a corporation, was filed May 7, 1948. Demurrer to the answer to amended complaint and demurrer to cross-complaint were sustained June 3, 1948. On June 29 defendant Capritti filed his notice of motion to set aside his default. Such motion was supported by his affidavit that "an answer was filed for and on behalf of the corporation . . . and affiant was under the

impression that this would be sufficient and that there was no need for affiant to file an answer in his individual and personal capacity.''

When the cause was called for trial, July 29, Capritti's motion was denied, and judgment was entered against him. On August 9, 1948, he moved the court to set aside the judgment and for leave to file his answer. The hearing of such motion was continued after which the instant petition was filed and the alternative writ issued.

Petitioner contends that the court having denied the motion to set aside the default no longer has jurisdiction to entertain the motion to set aside the judgment for the reason that the ruling on the former motion is res judicata as to the second.

This point need not be decided. Even if the issues created by the second motion were res judicata by virtue of the first order the trial court would not thereby be divested of jurisdiction for the reason that res judicata is a defensive plea and does not affect the court's jurisdiction. (*Baird* v. *Superior Court*, 204 Cal. 408, 412 [268 P. 640]; *Lincoln* v. *Superior Court*, 22 Cal.2d 304, 308 [139 P.2d 13]; *Pasadena* v. *Superior Court*, 92 Cal.App. 523, 525 [268 P. 664].)

 Erroneous rulings cannot be reached in a proceeding for a writ of prohibition. (*Meserve* v. *Superior Court*, 2 Cal. App.2d 468, 475 [38 P.2d 453].) Only by appeal may they be corrected. (*Lindley* v. *Superior Court*, 141 Cal. 220 [74 P. 765].)

The alternative writ of prohibition is discharged; the petition for a peremptory writ is denied.

McComb, J., and Wilson, J., concurred.