Filed 12/14/22  Mecchi v. Mecchi CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| JANET CAROL MECCHI, as Trustee, etc., | C095550 |
| Plaintiff and Respondent, | (Super. Ct. No. 29935) |
| v. | |
| JEFFREY DONALD MECCHI, | |
| Defendant and Appellant. | |

In 2005, plaintiff Janet Carol Mecchi and her husband, Donald Edward Mecchi, created the Mecchi Revocable Trust Agreement (the Trust).  Donald died in 2010.  In 2012, Jeffrey Donald Mecchi, Janet and Donald's son and one of the remainder beneficiaries of the Trust, filed a petition to remove trustee, and, in response, Janet filed a petition to terminate, reform, or modify the Trust.[1]  Ultimately, the parties entered into a

---

[1]     We refer to the Mecchis individually by their first names due to their shared surname and for the sake of clarity.

1

stipulation and order pursuant to which they agreed to the dismissal of their petitions with prejudice. In 2019, Jeffrey again sought the removal of Janet as trustee. Janet, in turn, filed a petition seeking amendment to the Trust, for instructions authorizing sale of real property, and for an award of attorney fees. The trial court granted Janet's petition to amend the Trust. Jeffrey appealed the order, but this court dismissed his appeal based on his failure to pay the statutory filing fee. He then filed in the trial court a motion to set aside the order as void pursuant to Code of Civil Procedure section 473, subdivision (d) on the ground that Janet's 2019 petition was barred by res judicata, the court therefore lacked jurisdiction, and the order was void as a result.[2] The trial court denied Jeffrey's motion, concluding he failed to establish one of the elements necessary for res judicata to apply.

On appeal, Jeffrey asserts the order denying his motion pursuant to section 473 to set aside the prior order granting Janet's 2019 petition must be reversed because the latter order was void for lack of jurisdiction based on the effect of res judicata. We affirm. Regardless of whether res judicata applied, the order granting Janet's 2019 petition was not a void order. As such, Jeffrey was not entitled to relief pursuant to section 473, subdivision (d).

FACTUAL AND PROCEDURAL BACKGROUND

***The Trust***

Janet and Donald executed the Trust in 2005. They were trustees as well as settlors. The remainder beneficiaries, entitled to equal shares of the trust estate following the death of the surviving settlor, after payment of all obligations, were the settlors' children, Jeffrey and his sister. The parties detail various provisions of the Trust. However, for purposes of resolving this appeal, it is sufficient to state that, in sections

---

[2] Further undesignated statutory references are to the Code of Civil Procedure.

2

2.4, 2.5, and 2.6, the Trust contemplated that, following the death of the first settlor to die, the remaining settlor/trustee, in the fashion of an "A/B trust" and for the purpose of favorable estate tax treatment, would allocate trust assets to an "Exemption Trust" and a "Survivor's Trust," both of which would become irrevocable. Section 2.7 included language stating the surviving "Trustee may not sell any real property that may be in the Exemption Trust Estate without the written consent of both of the children of Trustor who are alive at the time of the sale." Section 4.3 provided, in part, that the "primary purpose of the Trustors in establishing this trust is to benefit the Trustors during their lifetime and their beneficiaries thereafter. The Trustee shall not be answerable to any remainder beneficiary for anything done in favor of the Trustors during their lifetime."

### *The Prior Litigation and the Resulting Stipulation and Order*

In 2012, Jeffrey filed a petition to remove trustee. The petition noted that Donald died in 2010. Among other things, Jeffrey asserted Janet had allowed property to be wrongfully removed from the trust estate. In response, Janet filed a petition to terminate, reform, or modify the Trust.

In a 2016 stipulation and order, Janet, as trustee, agreed to dismiss her petition with prejudice, and Jeffrey agreed to dismiss his petition with prejudice. The stipulation provided that Janet would file biannual accountings. Additional matters were resolved in a statement of decision.

### *The Current Litigation, the Order Granting Janet's Petition, and the Initial Appeal*

On August 13, 2019, apparently in response to a petition for approval of a third account, Jeffrey filed a cross-petition seeking, among other things, the removal of Janet as trustee. Jeffrey alleged Janet had violated her fiduciary duties by, among other things, improperly transferring real property in Tahoe from the Trust to herself individually. Exhibit B to the cross-petition was a quitclaim deed in which Janet as trustee quitclaimed title in certain real property in Tahoma, El Dorado County, to herself individually.

3

On September 17, 2019, Janet, as trustee, filed a petition seeking amendment to the Trust, for instructions authorizing sale of real property, and for an award of attorney fees. Janet sought the elimination of sections 2.4, 2.5, and 2.6 from the Trust as legally superfluous, financially unnecessary, and without purpose following amendments to the estate tax laws.

In his opposition, Jeffrey asserted the relief Janet sought was precluded by res judicata and collateral estoppel because "the relief sought has already been resolved by way of prior litigation between these parties that was resolved on its merits when competing cross-petitions . . . were dismissed with prejudice several years ago."

The trial court granted Janet's petition to amend the Trust and ordered the Trust amended in several respects. The trial court concluded that res judicata and collateral estoppel did not apply as a result of the prior stipulation and order. The court concluded that, in the prior litigation, there had been no adjudication on the merits of the petitions. According to the court, the stipulation was only binding as to those matters the parties expressly agreed to.

Jeffrey filed a notice of appeal on December 31, 2020. On February 19, 2021, this court dismissed the appeal based on Jeffrey's failure to pay the statutory filing fee as required by California Rules of Court, rule 8.100(b)(1). The remittitur issued on April 23, 2021.

### *Motion to Set Aside the Order as Void*

On June 3, 2021, Jeffrey filed a motion in the trial court pursuant to section 473, subdivision (d) to set aside the order granting Janet's 2019 petition. In a declaration, an attorney for Jeffrey asserted that, based on the 2016 stipulation, the trial court lacked jurisdiction "to decide the same issues in 2020." In Jeffrey's memorandum in support, he asserted the 2016 stipulation "became a valid order that governs the future administration of the Trust," and that, "[o]nce the court signed the 2016 Order, it lost personal and subject matter jurisdiction over the issues raised in the 2012 Petition because the order

4

dismissed those requests with prejudice." Therefore, according to Jeffrey, Janet could not raise "those same issues, and a court would be without jurisdiction to rule on those same issues." According to Jeffrey, Janet's 2019 petition sought the same relief based on the same facts between the same parties. Jeffrey also asserted the 2016 order dismissed Janet's claims with prejudice, and, as such, contrary to the trial court's prior determination, amounted to a decision on the merits and was therefore a bar to further litigation on the same subject between the same parties.

In its ruling, on the issue of res judicata, the court first stated, contrary to its earlier determination, that the stipulation did constitute a final judgment on the merits. The court stated the same parties were involved in both litigations. The court then turned to whether the claims or issues raised in the present action were identical to those litigated in the prior proceeding. For a number of reasons we need not set forth here, the court determined the claims were not identical and thus res judicata did not apply. The court concluded: "Since the issue decided in the [2012] petition was distinct, the dismissal with prejudice of the [2012] petition did not bar Janet from filing the [2019] petition, nor did it deprive this Court of jurisdiction to hear the matter." Accordingly, the court denied Jeffrey's motion to set aside the order. In an order filed November 18, 2021, the court denied Jeffrey's motion for the reasons set forth in its ruling.

DISCUSSION

I

*Appealability*

**A. Effect of Dismissal of Prior Appeal**

Janet asserts this appeal is precluded by the dismissal of Jeffrey's prior appeal from the underlying order. We disagree. Jeffrey did appeal from the order that granted Janet's 2019 petition and that appeal was dismissed in case No. C093360. As a general matter, that sequence of events would preclude our review of that order. (See § 913.) However, on appeal, Jeffrey challenges the subsequent order denying his motion pursuant

5

to section 473, subdivision (d) to set aside the prior order as void. An order denying such a motion would constitute "an order made after a judgment made appealable by paragraph (1)" of section 904.1, subdivision (a) (§ 904.1, subd. (a)(2)), and would be an appealable order (*Doppes v. Bentley Motors, Inc.* (2009) 174 Cal.App.4th 1004, 1008-1009 [" ' "While a denial of a motion to set aside a previous judgment is generally not an appealable order, in cases where the law makes express provision for a motion to vacate such as under . . . section 473, an order denying such a motion is regarded as a special order made after final judgment and is appealable under . . . section 904.1, subdivision [(a)(2)]" ' "; " 'If a judgment is void, an order giving effect to the void judgment is subject to appeal even if the underlying judgment was also appealable' "]).

### B. Appealability and Section 1008

Janet also asserts Jeffrey's motion pursuant to section 473, subdivision (d) was in reality a disguised and untimely motion for reconsideration pursuant to section 1008. The trial court appeared to agree. The court stated: "[T]his is actually a petition for reconsideration, asking the Court to simply address a legal argument that was not raised at the time. Technically, as there [are] no new facts, law, or circumstances, simply a variation of the legal argument on res judicata/collateral estoppel that Jeffrey neglected to make, a petition for reconsideration would not lie, therefore, counsel is attempting to have the Court re-visit this issue based on a different procedural device. This is, in effect, an attempt at a second bite at the apple, as the appeal from the Court's prior ruling was dismissed for Jeffrey's failure to pay the filing fee." The court nevertheless denied Jeffrey's motion after considering the merits of Jeffrey's res judicata argument.

Section 1008, authorizing motions for reconsideration, provides, in part: "When an application for an order has been made to a judge, or to a court, and refused in whole or in part, or granted, or granted conditionally, or on terms, any party affected by the order may, within 10 days after service upon the party of written notice of entry of the order and based upon new or different facts, circumstances, or law, make application to

6

the same judge or court that made the order, to reconsider the matter and modify, amend, or revoke the prior order." (§ 1008, subd. (a).) With regard to courts' jurisdiction to consider motions for reconsideration, section 1008 provides: "This section specifies the court's jurisdiction with regard to applications for reconsideration of its orders and renewals of previous motions, and applies to all applications to reconsider any order of a judge or court, or for the renewal of a previous motion, whether the order deciding the previous matter or motion is interim or final. No application to reconsider any order or for the renewal of a previous motion may be considered by any judge or court unless made according to this section." (§ 1008, subd. (e).) As for appealability, section 1008 provides: "An order denying a motion for reconsideration made pursuant to subdivision (a) is not separately appealable. However, if the order that was the subject of a motion for reconsideration is appealable, the denial of the motion for reconsideration is reviewable as part of an appeal from that order." (§ 1008, subd. (g).)

The denial of a motion for reconsideration, if that was the nature of Jeffrey's motion, would not be separately appealable (§ 1008, subd. (g)), and, in this scenario, Jeffrey's appeal from "the order that was the subject of a motion for reconsideration" was dismissed (*ibid*.). Thus, if the motion was indeed one pursuant to section 1008, review would be foreclosed. (§ 1008, subd. (g).) We turn to the nature and circumstances of Jeffrey's motion.

In his motion, Jeffrey asserted Janet's 2019 petition was barred by res judicata and collateral estoppel. He did not assert that the court lacked jurisdiction to rule on the petition. He sought the denial of the petition. He did not seek to have the petition dismissed on jurisdictional grounds. It was only after his appeal from the order granting the petition was dismissed that Jeffrey raised his claim that the trial court lacked jurisdiction to rule on the petition based on res judicata. In other words, Jeffrey only raised his jurisdictional argument pursuant to section 473 after the 10-day period for seeking reconsideration had expired (§ 1008, subd. (a)), and after the opportunity to

7

challenge the underlying order on direct appeal was no longer available to him.  These circumstances suggest the possibility that Jeffrey was improperly attempting to seek reconsideration through the procedural mechanism provided in section 473.  (See generally *Gilberd v. AC Transit* (1995) 32 Cal.App.4th 1494, 1501 ["To hold, under the circumstances presented in this case, that the general relief mechanism provided in section 473 could be used to circumvent the jurisdictional requirements for reconsideration found in section 1008 would undermine the intent of the Legislature as specifically expressed in section 1008, subdivision (e)"].)  Jeffrey's emphasis in reply that he did not assert any new facts or law is not so much proof that this was a proper section 473 motion as an indication he would not have been able to assert a viable motion for reconsideration pursuant to section 1008.

In any event, even if we take Jeffrey's motion at face value as one to set aside a void order pursuant to section 473, subdivision (d), he is not entitled to relief.  As we next discuss, the underlying order was not a void order.

## II

### *Motion to Set Aside Void Order – Section 473, Subdivision (d)*

Jeffrey asserts the order denying his motion pursuant to section 473, subdivision (d) to set aside the order granting Janet's 2019 petition must be reversed because the underlying order was void for lack of jurisdiction.  According to Jeffrey, the court lacked jurisdiction to rule on the 2019 petition based on the effect of res judicata.  Jeffrey maintains that he demonstrated the existence of each of the three elements necessary for the applicability of res judicata.

Section 473, subdivision (d) provides:  "The court may, upon motion of the injured party, or its own motion, correct clerical mistakes in its judgment or orders as entered, so as to conform to the judgment or order directed, *and may, on motion of either party after notice to the other party, set aside any void judgment or order*."  (Italics

8

added.)  Under the italicized provision, a party is only entitled to relief from a void judgment or order.

"  'A judgment is void if the court rendering it lacked subject matter jurisdiction or jurisdiction over the parties.' "  (*Doe v. Regents of University of California* (2022) 80 Cal.App.5th 282, 295 (*Doe*).)  "A judgment is 'void' only when the court entering that judgment 'lack[ed] jurisdiction in a fundamental sense' due to the ' "entire absence of power to hear or determine the case" ' resulting from the ' "absence of authority over the subject matter or the parties." ' "  (*People v. The North River Ins. Co.* (2020) 48 Cal.App.5th 226, 233, quoting *People v. American Contractors Indemnity Co.* (2004) 33 Cal.4th 653, 660.)  " 'When a court lacks jurisdiction in a fundamental sense, an ensuing judgment is void, and "thus vulnerable to direct or collateral attack at any time." ' "  (*Doe*, at p. 295, quoting *People v. American Contractors Indemnity Co.*, at p. 660.)

"[J]urisdictional errors can be of two types.  A court can lack fundamental authority over the subject matter, question presented, or party, making its judgment void, or it can merely act in excess of its jurisdiction or defined power, rendering the judgment voidable."  (*In re Marriage of Goddard* (2004) 33 Cal.4th 49, 56.)  "Only void judgments and orders may be set aside under section 473, subdivision (d); voidable judgments and orders may not."  (*People v. The North River Ins. Co., supra*, 48 Cal.App.5th at p. 234.)  "The determination whether an order is void is a question of law, which we review de novo."  (*Doe, supra*, 80 Cal.App.5th at p. 295.)

Jeffrey's argument is that the trial court lacked jurisdiction to enter the order granting Janet's 2019 petition because the matters in that petition were barred by res judicata, the order granting that petition was therefore void, and thus the trial court erred in declining to set aside that order as void pursuant to section 473, subdivision (d).  However, "res judicata is a defensive plea and does not affect the court's jurisdiction."  (*Howard Greer Custom Originals v. Superior Court of Los Angeles County* (1948)

9

87 Cal.App.2d 816, 817; accord, *Imperial Beverage Co. v. Superior Court of Alameda County* (1944) 24 Cal.2d 627, 634 [while "the plea of res judicata may be a good defense to an action in which it is interposed, it does not deprive the court of jurisdiction over the action nor does it deprive the court of jurisdiction to pass upon and decide a motion after it has previously decided a like motion"]; *Lincoln v. Superior Court* (1943) 22 Cal.2d 304, 308 [res judicata, which is a bar to a later action if properly pleaded and proved, does not deprive the court of jurisdiction], disapproved on another ground in *Robinson v. Superior Court* (1950) 35 Cal.2d 379, 386-387; see also *Busick v. Workmen's Comp. Appeals Bd.* (1972) 7 Cal.3d 967, 977 ["res judicata is not a jurisdictional defense"]; *Briley v. City of West Covina* (2021) 66 Cal.App.5th 119, 131, fn. 6 [same]; *David v. Hermann* (2005) 129 Cal.App.4th 672, 683 [same].)  Because res judicata does not deprive a court of jurisdiction, whether or not res judicata applied, the resulting order would not constitute a void order.

We thus need not decide whether res judicata should have operated as a bar to the granting of Janet's 2019 petition based on the stipulation that resolved her earlier petition. Had Jeffrey fully prosecuted his appeal from the order granting Janet's 2019 petition, he would have had the opportunity to litigate the merits of whether the trial court properly concluded res judicata was not a bar to Janet's 2019 petition.  However, that appeal was dismissed, and Jeffrey thereafter sought relief in the trial court pursuant to section 473, subdivision (d).  The relief available under the relevant provision of that subdivision was to set aside "any void judgment or order."  (§ 473, subd. (d).)  As stated, whether or not res judicata applied, the underlying order granting Janet's 2019 petition was not void.

Rather than concluding res judicata would not result in a void order, the trial court considered Jeffrey's res judicata argument on its merits.  However, "[w]e may affirm a trial court judgment on any basis presented by the record whether or not relied upon by the trial court."  (*State of California ex rel. Metz v. CCC Information Services, Inc.* (2007) 149 Cal.App.4th 402, 412; accord, *Shaw v. County of Santa Cruz* (2008)

10

170 Cal.App.4th 229, 269 ["we will affirm a judgment correct on any legal basis, even if that basis was not invoked by the trial court"; there "can be no prejudicial error from erroneous logic or reasoning if the decision itself is correct"].) The trial court did not err in declining to set aside the order granting Janet's 2019 petition as void due to lack of jurisdiction. (See § 473, subd. (d).)

## DISPOSITION

The order is affirmed. Janet shall recover her costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1), (2).)


 /s/
HOCH, J.


We concur:


 /s/
HULL, Acting P. J.


 /s/
MAURO, J.

11