[S. F. No. 5345. In Bank.—December 21, 1910.]

SAMUEL GRANGER, and JAMES N. BENALLACK, as Administrator of the Estate of Mary A. Benallack, Deceased, Plaintiffs, v. THE SUPERIOR COURT OF NEVADA COUNTY. Hon. George L. Jones, Judge, Defendant.

PROHIBITION—UNCONFIRMED EXECUTOR'S SALE—REVERSAL OF JUDGMENT —FINAL ACCOUNTING OF PURCHASES—PENDING ACCOUNTS OF PLAINTIFF.—Where a judgment quieting title to land against an estate was reversed because an executor's sale thereof under a power in the will was unconfirmed, and a final accounting was had with the estate in favor of the purchaser allowing him the purchase money less rents received by him to be secured upon the land until paid, and accounting of rents received by the plaintiff during her possession had not become final, the final judgment as to the purchases will be severed from the unfinished account as to plaintiff, and prohibition will lie to prevent further proceedings in the action as to the purchaser, but not as to the plaintiff, or her administrator.

ID.—SECOND ACTION BY PURCHASER PRIOR TO ACCOUNTING IN FIRST —JUDGMENT FOR ESTATE REVERSED—ACCOUNTING ORDERED—JURISDICTION.—Where prior to the final accounting in the first action the purchaser brought a second action to quiet his title against the estate, in which judgment was rendered for the estate, and was reversed on appeal on the ground that the purchaser was entitled to an accounting for the purchase money paid to the estate, less rents received, and such accounting ordered is still pending, prohibition will not lie to restrain the court from exercising its jurisdiction over

CLIX Cal.—1

the accounting ordered and the rendition of final judgment in the second action protecting the full rights of both parties, notwithstanding the final judgment for accounting had in the first action pending the determination of the second.

ID.—PLEA OF FORMER ADJUDICATION—JURISDICTION NOT AFFECTED.—The purchaser may plead in the second action the former adjudication had in the first action, in bar of the matters finally settled thereby; but that does not affect the jurisdiction of the court over the second action.

APPLICATION for Writ of Prohibition to restrain the further prosecution of two actions in the Superior Court of Nevada County. George L. Jones, Judge.

The facts are stated in the opinion of the court.

Thos. S. Ford, and Ed. V. Henley, for Plaintiffs.

C. W. Kitts, and J. M. Walling, for Defendant.

THE COURT (Beatty, C. J., not participating).—This is an application to this court for a writ of prohibition against further proceedings in the superior court of Nevada County in two certain actions in said court: 1. The action of Mary A. Benallack against William G. Richards, James Benallack, and Francis L. Richards, as executors of the estate of Phillip Richards, deceased, and William S. Richards and William G. Richards, as individuals, begun February 11, 1895, and numbered 2343 in said court; 2. The action of Samuel Granger against the same parties, begun May 19, 1897, and numbered 2635 in said court. The general ground upon which prohibition is asked is that a judgment has been rendered in the first-named action which disposes of all the matters at issue between the parties in both actions and that said judgment has become final. Although the cases involve the same facts they will require separate consideration.

1. The complaint in the action of Mary A. Benallack in substance stated a cause of action to quiet title to lot 28 in block 30 in Nevada City. The complaint alleged that Phillip Richards died seized of this lot on March 27, 1887; that his will was duly probated and the above-named parties appointed the executors thereof; that they were empowered by the will

to sell and convey real or personal property of the estate without any order of court; that on May 11, 1891, as such executors, they sold and conveyed said lot to Samuel Granger for $3,365, which sum was paid to the executors and by them distributed among the legatees under the will; that thereafter Granger conveyed the property to the plaintiff Mary A. Benallack and that the defendants claimed an interest in the lot adverse to her. The answer of William G. Richards and William S. Richards alleged that the deed from the executors to Granger was never reported to the superior court or confirmed; that the purchase money therefor was in fact paid by James Benallack and that Granger bought the same on behalf of said James Benallack. Judgment was rendered in favor of the plaintiff from which an appeal was taken to the supreme court and said judgment was reversed on April 6, 1897, the opinion being reported in 116 Cal. 405. The ground of reversal was that a sale made by executors under a power given to them by the will of the deceased did not pass title to the grantee unless the sale was confirmed by the court.

On December 2, 1897, after the coming down of the *remittitur*, Francis S. Richards, one of the defendants, in the dual capacity of co-executor and residuary legatee, filed a cross-complaint in the action. Therein he set forth the facts hereinbefore stated, including the failure to confirm the sale by the executors to Granger, and further that Granger took and held possession of the lot from May 11, 1891, until February 9, 1893; that Mary A. Benallack held possession thereafter from the latter date until May 8, 1897; that Francis S. Richards, as devisee, had conveyed his interest in the lot to James Benallack in 1894; that Mary A. Benallack and James Benallack conveyed to Granger on May 8, 1897; that Granger has ever since that time held possession thereof; that James Benallack died on November 13, 1897; that neither Mary Benallack nor Granger had ever accounted for rents received by them from said lot; that each had made valuable improvements thereon and that they were trustees of said rents for the benefit of the estate and that as such executor he offered to make such restitution to them as the court should direct. The prayer was that Granger be made a party to the action, that an accounting be had of the purchase money paid, the taxes and insurance paid, the repairs made and the rents

received, and for general relief. This cross-complaint was served on all the other parties to the action. William G. Richards, the other surviving executor, and William S. Richards, the other residuary devisee, filed a demurrer to said cross-complaint, which was overruled with their consent, they filed no answer within the time allowed and their default thereon was duly entered. Mary A. Benallack and Granger answered denying, in part, the receipt of the rents as alleged therein, averring payments for improvements, repairs, and taxes, and denying the trust. On these issues a trial was had and on January 24, 1899, findings were filed and judgment given declaring that Granger held possession of the lot as trustee of the estate of Phillip Richards, deceased; that there was due from said estate to him on account of the purchase money paid to the executors, after deducting the rents he had received, the sum of $2,811.19, and that before the estate would be entitled to the possession of the lot it must pay him said sum. It was also declared that Mary A. Benallack was indebted to the estate on account of rents collected by her while in possession of the lot, in the sum of $2,198.19. After the filing of the cross-complaint of Richards the original complaint of Mary A. Benallack was stricken out and the cause thereafter seems to have proceeded on the theory that she had dismissed her action and that the case was pending solely upon the cross-complaint of the executor aforesaid. Granger did not appeal from this judgment nor did the cross-complaining executor, and so far as it adjudged matters at issue between them it has become final. Mary A. Benallack moved for a new trial thereof so far as the issues relating to her were concerned and the motion was granted. Thereafter a new trial was had and a decision given again declaring her indebted to the estate. No judgment has ever been entered upon this decision. After the judgment of January 24, 1899, to wit, on March 3, 1899, William G. Richards, as executor as aforesaid, by leave of court, filed a pleading styled an amended cross-complaint in said action of Benallack *v.* Richards, asking to have the title of the estate to said lot quieted, and for an accounting. To this Granger and Mary A. Benallack filed an answer setting up the judgment of January 24, 1899, as a bar to the cross-complaint and denying the jurisdiction of the court to proceed further in the action.

It is evident from this recital of the facts that the court has not been divested entirely of jurisdiction. While it is true that the judgment of January 24, 1899, conclusively settles the account between Granger and the estate of Richards and establishes Granger's right to hold possession of the lot until the amount due him has been paid, and while the striking out of the original complaint seems to have left no other matter at issue in the case so far as Granger and the estate is concerned, the court still has jurisdiction to proceed to the entry of judgment with respect to Mary A. Benallack. Upon the new trial which she secured, findings were filed but it appears no judgment has yet been entered. So far as Granger and the estate of Richards is concerned the litigation in Benallack v. Richards appears to be at an end and the court is without jurisdiction to proceed further. Treating this application as separable, a writ of prohibition can issue to prevent further proceedings against Granger on behalf of the estate or the executors thereof in that action. With regard to Mary A. Benallack, no case of prohibition has been made.

2. After Granger received the conveyance of the lot from Mary A. Benallack and her husband on May 8, 1897, he began the action of Granger v. Richards, numbered 2635 aforesaid. His complaint set out the same facts heretofore recited, stating them somewhat more at length than in the complaint of Mary A. Benallack in Benallack v. Richards, and prayed for a decree quieting his title to the lot and for general relief. Answers were filed by the defendants and a trial resulted in a judgment in favor of W. G. Richards as surviving executor and residuary legatee. From this judgment Granger appealed to the supreme court and the judgment was reversed. The case is reported in 154 Cal. 478, [98 Pac. 528]. The opinion declared that Granger was entitled to be reimbursed for the amount of his purchase money and that an accounting should be had of the rents received during his possession. A cross-complaint was filed in that case by William G. Richards, as executor, and the case is still pending, no trial having been had since the reversal of the first judgment. It is obvious that the court still has jurisdiction of that case and that a writ of prohibition cannot be issued. It may be conceded that with respect to everything except the taking of a supplemental account and making of a decree requiring Granger to

reconvey the property to the estate upon the payment of the money found due him upon the accounting, the whole controversy has been settled by the judgment in the action of Benallack *v.* Richards. But this does not affect the jurisdiction of the court to proceed in the action. That judgment can be pleaded as an adjudication of the matters determined by it, but it cannot be given the effect of depriving the court of jurisdiction.

Let a writ issue prohibiting the superior court of Nevada County from proceeding further in the case of Benallack *v.* Richards, except so far as may be necessary to determine and adjudge the issues between the estate of Richards and the estate of Mary A. Benallack, deceased, with respect to the amount due her or for rents received from said lot while she was in possession thereof. In other respects the petition is denied.