[S. F. No. 12224. In Bank.—June 25, 1928.]

VERONICA C. BAIRD et al., Petitioners, v. THE SUPERIOR COURT OF THE STATE OF CALIFORNIA, IN AND FOR THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

Karl C. Partridge for Petitioners.

R. P. Henshall, Robert R. Moody, C. M. Fickert and E. A. Cunha for Respondents.

PRESTON, J.—This is an application by Veronica C. Baird, Benjamin H. Baird, and Thomas R. Baird, who are named as devisees and legatees in the will of David J. Baird, deceased, against the Superior Court of the City and County of San Francisco to restrain further proceedings by one David Jennings Baird, by his guardians, on a petition filed by him on the twenty-eighth day of August, 1926, asking for final distribution to him as the pretermitted son and heir at law of all of the estate of said David J. Baird, deceased, and demanding that said Superior Court strike his petition from the proceedings in said estate and that said court be enjoined from further proceeding in the matter of hearing said petition. This is another effort to test the right of David Jennings Baird to share in the estate left by his father, David Jennings Baird, deceased, and it marks about the eighth proceeding in said estate to reach this court. The claim of this son to succeed to the estate of his father has been the subject of judicial controversy for a period of twenty years. The history of said proceedings as noted upon the records of this court will

be found as follows: *Estate of Baird,* 173 Cal. 617 [160
Pac. 1078]; 181 Cal. 742 [186 Pac. 351]; 182 Cal. 338
[188 Pac. 43]; 193 Cal. 225 [223 Pac. 974]; 195 Cal. 59
[231 Pac. 744]; 198 Cal. 490 [246 Pac. 324]; *Baird* v.
*Superior Court,* No. 11141, prohibition denied May 1, 1924;
*Baird* v. *Superior Court,* No. 11192, prohibition denied June
19, 1924.

David J. Baird died on November 25, 1908, leaving a
will in which he neither provided for nor mentioned the
minor, David Jennings Baird. On April 27, 1914, the
said minor, by his guardian, filed a petition for partial
distribution of the estate of the decedent in which he
alleged that he was the son of decedent and his heir by
adoption and legitimation complying with all the require-
ments of section 230 of the Civil Code. His claim was
opposed by the mother, brothers and sister of decedent.
This petition was heard by the court sitting without a
jury and decided adversely to the claimant upon the issues
of adoption. The order denying the petition was reversed
by this court on appeal because of the refusal of the probate
court to grant a jury trial on said issues of adoption
(*Estate of Baird,* 173 Cal. 617 [160 Pac. 1078]). Later a
jury trial was had and the matter came before this court
upon an appeal from an order distributing the entire
estate of decedent to the claimant pursuant to special
verdicts of the jury on the issues of adoption. This court
reversed the lower court, holding that the evidence was
insufficient to support the finding that decedent had
adopted said minor child (*Estate of Baird,* 182 Cal. 338
[188 Pac. 43]), and a second jury trial was had, which
resulted as in the previous case in special verdicts favor-
able to the minor on the issues of adoption. The order
distributing the entire estate of said minor, which was
entered pursuant to the special verdicts, was likewise
reversed by this court on appeal (*Estate of Baird,* 193 Cal.
225 [223 Pac. 974]), the court holding that by reason
of the law of the case the evidence was insufficient to
establish the claim of adoption and also that, independent
of the rule of the law of the case, the evidence introduced
was insufficient to sustain said claim. This court thereupon
ordered and directed the trial court to set aside the special
verdicts and again reversed the decree of distribution. The

*remittitur* in pursuance of which said judgment was entered contained the following provision:

"It is hereby ordered, adjudged and decreed by the court that the decree of partial distribution of the superior court in and for the city and county of San Francisco in the above entitled cause be and the same is hereby reversed and the trial court is ordered and directed to set aside the special verdict and findings and to enter judgment for appellants denying the petition for partial distribution upon the ground that respondent is not the adopted son or heir of the deceased." The judgment entered by the lower court, after quoting the *remittitur*, provided as follows: "It is therefore ordered, adjudged and decreed that the hereinbefore mentioned special verdicts and findings be and the same are hereby vacated, annulled and set aside and the said petition for partial distribution of David Jennings Baird, a minor, is hereby denied."

After the going down of the *remittitur* to the lower court two notices of intention to move for a new trial were filed on behalf of said minor, David Jennings Baird. Both motions were granted. Upon appeal to this court the order granting the motions was reversed on April 23, 1926 (*Estate of Baird*, 198 Cal. 490 [246 Pac. 324]). On August 18, 1926, Veronica C. Baird and I. I. Brown, as executors of the estate of David J. Baird, deceased, filed their final account and petition for final distribution. The petition was set for hearing on August 30, 1926. On August 28, 1926, said minor, David Jennings Baird, filed a petition for distribution to him of the estate of said decedent. When the petition of the executors came on for hearing on August 30, the court, after hearing the account, continued the hearing on the executors' petition for distribution to September 20, 1926, and set the petition of said minor child for hearing on said date. Veronica C. Baird, decedent's mother, and Benjamin H. Baird and Thomas R. Baird, his brothers, all of whom are named as legatees and devisees in decedent's will, thereupon filed the petition for writ of prohibition now before us with the object of restraining further proceedings for the consideration of the petition of said minor child for distribution. The petition for distribution does not differ in material respects from the petition considered by this court on the four former appeals.

In each the petitioner claims to be the legitimate son and heir of decedent by virtue of an adoption complying with the requirements of section 230 of the Civil Code.

Petitioners contend that under the judgment entered on April 22, 1924, in obedience to the mandate of this court (*Estate of Baird,* 193 Cal. 225 [223 Pac. 974]), it was then and there finally adjudicated that said minor child was not the adopted son and heir of said deceased and therefore can never succeed to any portion of the estate of said decedent. On the contrary, the child contends that said judgment was nothing more than a judgment of nonsuit and, being a judgment of nonsuit only, he is not precluded from asserting his right to heirship in said estate in the present proceedings. It is quite true that a judgment of nonsuit does not bar a subsequent action upon the same cause, but a judgment upon a directed verdict is considered a judgment upon the merits and determines the issues (9 Cal. Jur. 547; 15 Cal. Jur. 131; 24 Cal. Jur. 913; 2 Freeman on Judgments 1590; *Estate of Sharon,* 179 Cal. 447 [177 Pac. 283]; *City and County of San Francisco* v. *Brown,* 153 Cal. 644 [96 Pac. 281]; *Mohn* v. *Tingley,* 191 Cal. 470 [217 Pac. 733]). But we are not called upon to determine these questions, serious though they may be, for in our view of the matter under no hypothesis does the writ of prohibition lie.

*Res judicata* must be affirmatively relied upon and shown in evidence and in some cases must be pleaded, but in no case is the plea in and of itself sufficient to oust the court of jurisdiction. In its strongest form it is nothing more than conclusive evidence upon all or some of the issues involved. When a former judgment is pleaded either in bar or as an estoppel on some issue, there immediately arise questions as to identity of the parties, the validity of the judgment as shown by the judgment-roll, the legal effect to be given it and perhaps many other questions. Such matters are for the determination of the trial court, and whether correctly or incorrectly determined, it is nevertheless the exercise of jurisdiction over the subject matter and the parties.

In *Spitzer* v. *Superior Court,* 74 Cal. App. 494, 498, 499 [241 Pac. 270], this question was ably discussed and the court there used the following language: "A former adju-

dication as a defense is generally regarded as an affirmative one, which must be presented, whether by pleading or evidence, by the one relying upon. it (*McLean* v. *Baldwin,* 136 Cal. 565 [69 Pac. 259]; *Brown* v. *Campbell,* 110 Cal. 644 [43 Pac. 12]; *Estate of McNeil,* 155 Cal. 333 [100 Pac. 1086]); and the benefit of a prior adjudication constituting a bar may be waived by failing to plead or present it in the subsequent action (15 Cal. Jur., Judgments, sec. 233; Freeman on Judgments, sec. 808, 5th ed.). Where it appears, however, that there was no opportunity to plead a judgment urged as a bar, owing to the fact that it did not become final until after the entry of an interlocutory decree in a subsequent action, it may be presented before the entry of a final decree therein (*Penfield* v. *Potts & Co.,* 126 Fed. 475, 61 C. C. A. 371; *Bradley etc. Co.* v. *Eagle Mfg. Co.,* 57 Fed. 980, 985, 6 C. C. A. 661; Freeman on Judgments, sec. 798, 5th ed.). It is not a plea to the jurisdiction; but where it is pleaded to the whole cause of action it is a plea in bar, or if to a particular fact or issue a plea in estoppel; but cannot be given the effect of depriving the court of jurisdiction (*Fields* v. *Walker,* 23 Ala. 155; *Granger* v. *Superior Court,* 159 Cal. 2 [112 Pac. 854]). . . . The fact of a judgment urged as a bar, the identity of the parties, jurisdiction to render it, and the legal effect to be given it, are matters for determination in the first instance by the trial court, are questions on which the party against whom the judgment is urged has the right to be heard, and such determination, though erroneous, and hence not an act in the proper exercise of its jurisdiction, would nevertheless be an act in the exercise of its jurisdiction over the parties and the cause.''

The case of *Granger* v. *Superior Court,* 159 Cal. 1, 5, 6 [112 Pac. 854], cited in the above opinion, sustains the holding there made by use of the following language: ''The opinion declared that Granger was entitled to be reimbursed for the amount of his purchase money and that an accounting should be had of the rents received during his possession. A cross-complaint was filed in that case by William G. Richards, as executor, and the case is still pending, no trial having been had since the reversal of the first judgment. It is obvious that the court still has jurisdiction of that case and that a writ of prohibition cannot

be issued. It may be conceded that with respect to everything except the taking of a supplemental account and making of a decree requiring Granger to reconvey the property to the estate upon the payment of the money found due him upon the accounting, the whole controversy has been settled by the judgment in the action of *Benallack* v. *Richards*, 154 Cal. 478 [98 Pac. 528]. But this does not affect the jurisdiction of the court to proceed in the action. That judgment can be pleaded as an adjudication of the matters determined by it, but it cannot be given the effect of depriving the court of jurisdiction.''

There is in the case before us this further situation: The executors of said estate filed their petition for final distribution, which was regularly noticed for hearing on August 30, 1926. On the twenty-eighth day of August said minor filed not only his petition for distribution but asked the court to consider it as an opposition to the petition filed by the executors. Apparently this suggestion was acceded to by the court. Under this statement of facts the doctrine of *res judicata* might be a bar to the petition filed by said minor, and his opposition to the petition of the executors; it would therefore be a settlement of but one of the issues involved, and there would still be left the issue as to the parties to whom and the proportions in which the estate of said decedent should be inherited. But whether the claim of the doctrine of *res judicata* be pleaded as a complete bar or as conclusive evidence of one or more only of the material issues, the rule is the same. For a recent discussion of the doctrine see *Price* v. *Sixth District Agricultural Assn.*, 201 Cal. 502 [258 Pac. 387].

It should also be noted that the minor claimant here asserts that by reason of the fact that one Miles T. Baird, the brother of said decedent and one of the legatees under his will, did not appeal from the former decree of distribution made in said estate, said minor child succeeded to so much of said estate as would be inherited under said will by said Miles T. Baird. This observation is also made to apply to certain other persons claiming to be assignees of the interest of said Miles T. Baird in said estate under said will. This, of course, furnishes an added reason for a consideration by the trial court of the said

former judgment before disposing of the petition for final distribution in said estate.

It should also be noted that ordinarily the objection to the jurisdiction should be urged before the trial court and overruled before applying for prohibition (*McAneny* v. *Superior Court,* 150 Cal. 6 [87 Pac. 1020]; *Havenmeyer* v. *Superior Court,* 84 Cal. 327 [18 Am. St. Rep. 192, 10 L. R. A. 627, 24 Pac. 121]; *Shriver* v. *Superior Court,* 48 Cal. App. 576 [192 Pac. 124]; *Drew* v. *Superior Court,* 43 Cal. App. 651 [185 Pac. 680]; 21 Cal. Jur. 627).

The petition is denied.

Langdon, J., Richards, J., Shenk, J., Curtis, J., Waste, C. J., and Seawell, J., concurred.