[L. A. No. 14403. In Bank.—February 16, 1934.]

MARION REIDY et al., Petitioners, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

William Ellis Lady and H. C. Millsap for Petitioners.

Everett W. Mattoon, County Counsel, Fred M. Cross, Deputy County Counsel, Louis Ferrari, Edmund Nelson, Howard Waterman and Hugo R. Steinmeyer for Respondents.

CURTIS, J.—By this proceeding petitioners seek to prohibit the respondent court from proceeding to the trial of an action pending therein entitled *Bank of America National Trust & Savings Assn.* v. *Reidy et al.* Petitioners contend that the issues involved in said action already have been

tried and determined in a prior action between the same persons who are parties to the second action. In other words, petitioners contend that, as the judgment in the prior action is a bar to the second action, the trial court has no jurisdiction to proceed with the trial of the second action. In this contention the petitioners are in error. While the plea of a former judgment may be a complete defense and a bar to a pending action, the court in which the second action is pending has jurisdiction to pass upon the merits of said plea and determine whether or not it is well taken. This question has been frequently before the appellate courts of this state and has been determined adversely to the contention of the petitioners. (*Baird* v. *Superior Court*, 204 Cal. 408, 412 [268 Pac. 640]; *Granger* v. *Superior Court*, 159 Cal. 1 [112 Pac. 854]; *United States F. & G. Co.* v. *Superior Court*, 113 Cal. App. 436 [298 Pac. 63]; *Spitzer* v. *Superior Court*, 74 Cal. App. 494, 498, 499 [241 Pac. 270].)

We need only refer to language found in the first of the above-cited cases for a correct statement of the doctrine determinative of this question. There the court said, "*Res adjudicata* must be affirmatively relied upon and shown in evidence and in some cases must be pleaded, but in no case is the plea in and of itself sufficient to oust the court of jurisdiction. In its strongest form it is nothing more than conclusive evidence upon all or some of the issues involved. When a former judgment is pleaded either in bar or as an estoppel on some issue, there immediately arise questions as to identity of the parties, the validity of the judgment as shown by the judgment roll, the legal effect to be given it and perhaps many other questions. Such matters are for the determination of the trial court, and whether correctly or incorrectly determined, it is nevertheless the exercise of jurisdiction over the subject-matter and the parties."

Petitioners cite and rely upon the following cases in support of their contention that a court is without jurisdiction to try issues which have become finally determined by a former judgment: *Oldfield* v. *Superior Court*, 217 Cal. 581 [20 Pac. (2d) 671]; *Robson* v. *Superior Court*, 171 Cal. 588 [154 Pac. 8]; *Granger* v. *Superior Court, supra.* These authorities, in so far as they affect the question now

under consideration, can be readily distinguished from the instant case and from those cases cited above which hold that the court is not ousted of jurisdiction by a plea of *res judicata*.

In the first two cases cited by petitioners the question at issue arose upon the second trial of the action after a new trial had been granted as to certain issues only. At the second trial the court undertook to try the issues which had already been decided and determined by the judgment rendered at the first trial, and which judgment as to those issues had not been set aside, and accordingly had not been affected in any way by the granting of a new trial as to other issues. In the Granger case the court was asked to prohibit the trial of two actions pending in the Superior Court of Nevada County. One action was entitled *Benallack* v. *Richards* and the other *Granger* v. *Richards*. Each case had been appealed to the Supreme Court and reversed. In the case of *Benallack* v. *Richards* on the second trial therein the trial court was proceeding to try issues that had already been settled and determined at the first trial of said action. In holding that the trial court was without jurisdiction to try these issues the court said, "So far as Granger and the estate of Richards is concerned the litigation in *Benallack* v. *Richards* appears to be at an end and the court is without jurisdiction to proceed further. Treating the application as separable, a writ of prohibition can issue to prevent further proceedings against Granger on behalf of the estate or the executors thereof in that action." But in the case of *Granger* v. *Richards* on the second trial, Granger relied upon the judgment in *Benallack* v. *Richards* and contended that it settled all issues then before the court in the case of *Granger* v. *Richards* and asked, for that reason, that the trial court be restrained from proceeding to again try these issues. In denying this contention, the court held that, while the judgment in *Benallack* v. *Richards* might be pleaded as a complete adjudication of the issues then before the court, it did not affect the jurisdiction of the court to proceed in the action. The language of the court upon this point is clear and decisive, and is as follows: "It may be conceded that with respect to everything except the taking of a supplemental account and making of a decree requiring Granger to reconvey the

property to the estate upon the payment of the money found due him upon the accounting, the whole controversy has been settled by the judgment in the action of *Benallack* v. *Richards*. But this does not affect the jurisdiction of the court to proceed in the action. That judgment can be pleaded as an adjudication of the matters determined by it, but it cannot be given the effect of depriving this court of jurisdiction." It will thus be seen that *Granger* v. *Superior Court, supra,* is direct authority against petitioners. The two other cases cited by petitioners are readily distinguished from the instant case. It follows, in our opinion, that petitioners have failed entirely to sustain their contention that the trial court is without jurisdiction to proceed in the trial of the action of *Bank of America National Trust & Savings Association* v. *Reidy et al.*

The petition is denied and the alternative writ issued herein is discharged.

Preston, J., Thompson, J., Shenk, J., Seawell, J., and Waste, C. J., concurred.