[Civ. No. 9504. Second Appellate District, Division One.—March 2, 1934.]

LILLIE M. BOULLESTER, Petitioner, v. THE SUPE-RIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

Vinetz & Gitelson for Petitioner.

Everett W. Mattoon, County Counsel, Fred M. Cross, Deputy County Counsel, and Sherman & Sherman for Respondents.

HOUSER, J.— From the petition herein it appears that by the terms of a written instrument petitioner and one who was then her husband agreed upon a settlement or division of their community property, and in the same in-

strument provided that "it is mutually agreed that should either party hereto obtain a decree of divorce, this agreement shall be offered to the court by the party so obtaining the same and it shall be approved by the court and become part of the decree or judgment". Thereafter, in a complaint that was filed in a suit by the husband for divorce from his said wife (the petitioner herein), the following allegation was made:

"That a property settlement agreement, dated November 18, 1929, was executed and entered into between plaintiff and defendant, which said agreement settles and adjusts satisfactorily the property interests of the respective parties, which said agreement the plaintiff hereby asks the court to approve and confirm." The wife did not appear in said suit. Included within the interlocutory decree of divorce granted therein, was the following provision:

"It is further ordered, adjudged and decreed that the property settlement heretofore entered into by and between the parties hereto on November 18th, 1929, and filed in evidence herein as plaintiff's exhibit A and the same is hereby approved and by reference thereto is adopted and made a part of this judgment." And such provision purportedly was carried into the final decree of divorce in said suit in the following language:

"It is further ordered and decreed . . . that wherein said interlocutory decree relates to the property of the parties hereto, said property be and the same is hereby assigned in accordance with the terms thereof to the parties therein declared to be entitled thereto."

Some years later, the former husband filed a complaint in an action against his former wife, wherein in substance the foregoing facts were alleged, and in addition thereto, that in the course of the said settlement of the property rights of the parties, the wife fraudulently had concealed from the husband the existence of certain assets of the community which were in the possession of the wife; and the husband then prayed for an "accounting" between the parties, both in regard to certain of his unfulfilled obligations as created by the said agreement and in regard to the alleged undisclosed assets of the community that were in the possession of the said wife. In the course of proceedings in said action, the trial court denied a motion interposed by

the defendant wife to abate the said action, or to dismiss the same, on the ground of lack of jurisdiction of the court, which assertedly ensued from the allegation that the judgment theretofore rendered in the divorce suit between the parties was *res judicata* as to the cause of action or subject matter of the action then before the trial court.

In the proceeding before this court, the wife seeks an order by which the lower court will be restrained from proceeding further in the said action for an "accounting" brought against her by her former husband. The respondent herein has demurred to said petition.

Although it may be that in accord with general principles of law announced in authorities emanating from the appellate tribunals of this state, the situation presented by the facts hereinbefore set forth would warrant the conclusion not only that the doctrine of *res judicata* may be applicable, but also that the trial court may lack jurisdiction to hear and determine the action which is the basis for the instant petition,—nevertheless by precedents which are directly in point and by which in substance it is declared that in circumstances such as here are present, the general rule to which reference has been had should not be applied, this court is led to the conclusion that the prayer of the petition should be denied. (*Milekovich* v. *Quinn,* 40 Cal. App. 537 [181 Pac. 256] ; *Taylor* v. *Taylor,* 192 Cal. 71 [218 Pac. 756, 51 A. L. R. 1074] ; *Vragnizan* v. *Savings Union etc. Co.,* 31 Cal. App. 709 [161 Pac. 507] ; *Senter* v. *Senter,* 70 Cal. 619 [11 Pac. 782] ; *Estate of Sloan,* 179 Cal. 393 [177 Pac. 150] ; *Murray* v. *Murray,* 28 Cal. App. 533 [153 Pac. 248] ; *Bridger* v. *Goldsmith,* 143 N. Y. 424 [38 N. E. 458].) See, also, *Reidy* v. *Superior Court,* 220 Cal. 111 [29 Pac. (2d) 780] ; *United Security B. & T. Co.* v. *Superior Court,* 205 Cal. 167 [270 Pac. 184] ; *Baird* v. *Superior Court,* 204 Cal. 408 [268 Pac. 640] ; *Granger* v. *Superior Court,* 159 Cal. 1 [112 Pac. 854] ; and authorities therein respectively cited.

It is ordered that the demurrer be and it is sustained; furthermore, that the alternative writ heretofore issued herein be and it is discharged.

Conrey, P. J., and York, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on March 31, 1934.