[L. A. No. 14559. In Bank.—June 22, 1934.]

VITIMIN MILLING CORPORATION (a Corporation), Petitioner, v. THE SUPERIOR COURT OF THE COUNTY OF LOS ANGELES et al., Respondents.

Fitzpatrick & Dickey for Petitioner.

Everett W. Mattoon, County Counsel, Fred M. Cross, Deputy County Counsel, and Mathes & Sheppard for Respondents.

SHENK, J.—Prohibition. From January 12 to 18, 1933, an action entitled *"J. J. Schumacher v. E. M. Allison, Vitimin Milling Corporation, et al.,* No. 331685", was on trial with a jury in department eleven of the Superior Court in and for Los Angeles County. On January 18th, when both sides had rested, a motion for a directed verdict was made on behalf of the defendant Vitimin Milling Corporation, petitioner herein. The motion was granted. A similar motion was made on behalf of other defendants and denied. As to the petitioner the following minute order was entered: "Motion of defendant, Vitimin Corporation, a corporation, for an instructed verdict is granted . . . " The jury was instructed and retired for deliberation at 4:17 P. M. on January 18th. At 9:45 P. M. of the same day the jury returned to the court and reported inability to agree upon a verdict, whereupon, by stipulation, an order was entered in the minutes that "it appearing to all concerned the jury is unable to reach a verdict, the jurors are discharged from the case and a mistrial is ordered". Thereafter on January 20th the judge of department eleven signed and filed an order "that the motion for a directed verdict, made by counsel in behalf of the defendant Vitimin Milling Corporation, be granted". The cause was set down for retrial as to all defendants in department sixteen and came on regularly for trial in that department on May 3, 1933, before the respondent judge. During the trial then in progress and on May 4th the judge of department eleven signed and filed a purported judgment reciting the fact that an order had been made in said action granting a motion for a directed verdict as to the petitioner and wherein it

was "ordered, adjudged and decreed that the defendant, Vitimin Milling Corporation, do have judgment from plaintiff". Thereafter on the same day in department sixteen counsel for the petitioner objected to the introduction of any further evidence as to the petitioner on the ground that the principles of *res judicata* barred any further proceeding in the matter. Whereupon counsel for the plaintiff moved the court to set aside said judgment of May 4th, on the ground that the same was void on the face of the record, in that it appeared of record that no verdict had been returned or entered in favor of the petitioner at the former trial or at all; that the trial as to the petitioner had not been completed, and that the order of January 18th, directing a mistrial, was general and applied to all the defendants. The objection to the further introduction of evidence as to the petitioner was overruled and the motion to set aside the judgment of May 4th was granted. The further trial of the action was then continued to May 22d. Pending such further trial and on May 10, 1933, the judge of department eleven signed and filed an order purporting to change and correct *nunc pro tunc* the minute order directing a mistrial in general terms to read: "The jurors are discharged from this case and a mistrial is ordered as to all defendants except Vitimin Milling Corporation, a corporation." In advance of the further trial to be had on May 22d, the present proceeding was commenced, to wit: on May 17, 1933, to prohibit the court in department sixteen from proceeding with the further trial of the action as to the petitioner. An alternative writ was issued and a general demurrer to the petition was interposed.

There are at least two reasons why the petition should be denied. ■ In the first place it appears without dispute that although a motion for a directed verdict as to the petitioner was made and noted by the minute order as "granted", no instruction to return a verdict was submitted to the jury; no request was made by the petitioner for an instruction to the jury to return a verdict; and no verdict was returned either by the jury, by the court, or at all, and there is no showing or intimation that the jury in this case would have refused to return a verdict for the petitioner, if it had been instructed so to do. ■ That the

court has the power to direct the jury to return a verdict in a proper case cannot be questioned. Nor is it disputed that the return of a verdict in such a case is a ministerial act. A verdict in any case must be in writing. (Sec. 618, Code Civ. Proc.) When the verdict is rendered an entry thereof must be made in the minutes of the court. (Sec. 628, Code Civ. Proc.) As to these requirements there is no distinction between a verdict returned by the jury after deliberation and one returned by direction of the court. In each case the verdict serves as a basis for the entry of a judgment thereon. In the absence of a verdict entered as required by law there is no finality to the proceedings. ██ The order merely granting the motion for a directed verdict is not an appealable order. (Sec. 963, Code Civ. Proc.) ██ And we know of no authority in law for the entry of a judgment which would, in the absence of a verdict, in any way constitute a judgment on a verdict. The purported judgment of May 4th was therefore void on the face of the record and was properly set aside by the respondent judge. The necessity for this conclusion is apparent when it is appreciated that the regularity of a proceeding may, as it does here, depend on the form which it takes under the rules of practice. Rights which depend on the form then become matter of substance. Without the entry of a verdict, the aggrieved party, if the verdict be against him, would be deprived of his right to move for a judgment notwithstanding the verdict, as provided in section 629 of the Code of Civil Procedure. Here, without the entry of a judgment, at least regular in form after the rendition of a verdict, the plaintiff would have nothing from which he could then appeal. Since the judgment signed by the judge in department eleven on May 4th was void, it was no judgment at all, and the respondent judge on that day was confronted with the question whether the trial of the action as to the petitioner had been terminated. It either had or it had not. The respondent judge was justified in concluding that it had not. The former trial was not complete and would not be complete until the jury had rendered a verdict. (*San Joaquin etc. Irr. Co.* v. *Stevinson*, 30 Cal. App. 405 [158 Pac. 768]; 24 Cal. Jur., p. 718.) As stated, no verdict had been entered in the case on trial before the respondent court. When the jury

was discharged without the rendition of a verdict the jury, in effect, was prevented from giving a verdict under appropriate instructions and a new trial was in order under section 616 of the Code of Civil Procedure. █ A new trial is a re-examination of an issue of fact in the same court after a trial and *decision by a jury,* court or referee. (Sec. 656, Code Civ. Proc.) Since no verdict was rendered and no valid judgment entered the judge in department eleven, by the belated *nunc pro tunc* order of May 10th, could not complete the trial which had not theretofore been completed, and the new trial in progress was properly on trial as to all the defendants and as to all issues.

█ The second reason why the petition herein must be denied is that the respondent court has jurisdiction of the parties, including the petitioner, and of the subject matter of the action. Pleas of *res judicata* and estoppel are defensive matter, and the respondent court has jurisdiction to determine the merits thereof when interposed properly by pleading or proof. (*United Security etc. Co.* v. *Superior Court,* 205 Cal. 167 [270 Pac. 184]; *Baird* v. *Superior Court,* 204 Cal. 408 [268 Pac. 640]; 21 Cal. Jur., p. 583.) Any alleged error in ruling upon the plea would be reversible on appeal. This alone would be sufficient ground upon which to deny this petition, but since the other questions are in the case they have been determined for the guidance of the trial court.

The peremptory writ is denied.

Curtis, J., Preston, J., Waste, C. J., and Langdon, J., concurred.