[Civ. No. 10200. First Appellate District, Division One.—May 8, 1936.]

HERBERT CUTLER BROWN, Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.

Ivan G. McDaniel for Petitioner.

Carpenter, Babson & Fendler, Everett W. Mattoon, County Counsel, and Fred M. Gross, Deputy County Counsel, for Respondent.

TYLER, P. J.—Petition for writ of prohibition. It appears from the record that one Zoe Lowe Brown, as plaintiff, commenced an action in March, 1932, against her husband, Herbert Cutler Brown, petitioner herein, upon a certain property settlement agreement which was entered into between the parties in the year 1919 while they were husband and wife. Plaintiff set up and alleged in her complaint five distinct and separate causes of action. Judgment went for defendant and against plaintiff on the first four counts, and in favor of plaintiff under her fifth cause of action. Defendant appealed from that portion of the judgment in favor of plaintiff under her fifth cause of action, and no appeal was taken by plaintiff from the judgment relating to the first four causes of action. The appeal was heard by the District Court of Appeal, Second Appellate District. Said court was of the opinion that the contract upon which plaintiff's causes of action were based was void and illegal as being in contravention of good morals and public policy. The decision gave its mandate "The judgment is reversed," without more. (*Brown* v. *Brown*, 8 Cal. App. (2d) 364 [47 Pac. (2d) 352].) No rehearing was asked for and the judgment became final.

Upon the filing of the *remittitur* plaintiff moved the superior court to set the said cause for trial upon the issues joined under all of the said five causes of action, and the court granted said motion. Prior to the date fixed for hearing, petitioner herein moved the court for an order dismissing the said cause as to the first four counts on the ground that, as plaintiff had not appealed from such portion of the judgment, the issues raised thereunder had become

final and the court was without jurisdiction or authority to try the same or make any order relating to an amendment of the causes of action which plaintiff had moved the court to permit. The court made its order granting plaintiff leave to amend her several causes of action and ordered the complaint as so amended to be filed. Thereupon petitioner herein filed a petition in the District Court of Appeal, Second Appellate District, in all respects identical with the present petition except for the fact that such petition purported to be for a writ of mandate, but in the prayer the petitioner prayed for an injunction ''restraining'' the respondent here ''from retrying said action upon any of the issues joined therein''. This petition was denied, and no application for rehearing thereof or for transfer and hearing in the Supreme Court was ever made. (Minutes of March 4, 1936, Cal. App. Dec. Advance Sheets No. 3202.) The petition herein does not disclose the fact that this similar application had been made. ■ Under the facts it is claimed by respondent that the plea of a prior judgment as *res judicata* does not oust the trial court of jurisdiction, but must be heard and determined concurrently with all the other issues in the case. We see no answer to this contention. The plea of *res judicata* must be affirmatively relied upon and shown in evidence, and in some cases must be pleaded, but in no case is the plea in and of itself sufficient to oust the court of jurisdiction. In its strongest form it is nothing more than conclusive evidence upon all or some of the issues involved. When a former judgment is pleaded, either in bar or as an estoppel on some issue, there immediately arise questions as to the identity of the parties, the validity of the judgment as shown by the judgment roll, the legal effect to be given it, and many other questions. Such matters are primarily for the determination of the trial court, and whether correctly or incorrectly determined it is nevertheless the exercise of jurisdiction over the subject matter and the parties. This being so, the plea cannot be given the effect of depriving the court of its jurisdiction to hear and determine it with all the other issues in the case. (*Baird* v. *Superior Court*, 204 Cal. 408 [268 Pac. 640].)

■ Pleas of *res judicata* and estoppel are defensive matter and the superior court has jurisdiction to determine the merits thereof when interposed properly by pleading or

proof; and, any alleged error in ruling upon such a plea being reversible on appeal, the pleader is not entitled to a writ of prohibition to restrain the superior court from proceeding with the trial of the case when the court has jurisdiction of the parties and subject-matter of the action. (*Vitimin Milling Corp.* v. *Superior Court,* 1 Cal. (2d) 116 [33 Pac. (2d) 1016]; *City of Pasadena* v. *Superior Court,* 92 Cal. App. 523 [268 Pac. 664]; *Boullester* v. *Superior Court,* 137 Cal. App. 193 [30 Pac. (2d) 59].) █ As stated, any error on the part of the court in its determination of the effect of the prior judgment may be reviewed on appeal.

The peremptory writ is denied.

Knight, J., and Cashin, J., concurred.