[Civ. No. 11813.   Second Appellate District, Division Two.—May 27, 1938.]

ZOE LOWE BROWN, Respondent, v. HERBERT CUTLER BROWN, Appellant.

Herbert Cutler Brown, *in pro. per.*, for Appellant.

Carpenter, Babson & Fendler and Harold A. Fendler for Respondent.

CRAIL, P. J.—This is an appeal from an order of the superior court denying appellant's motion for an order to vacate and set aside a judgment entered against him on December 9, 1936, and is based upon the contention that the lower court did not have jurisdiction over the subject matter embraced within the first cause of action of the complaint for the reason that said first cause of action was founded exclusively upon certain express provisions of an instrument dated

February 1, 1919, which had theretofore been adjudged to be illegal and void.

It appears from the record that the plaintiff commenced an action in March, 1932, against this defendant upon a certain property settlement agreement which was entered into between the parties on February 1, 1919. Plaintiff set up and alleged in her complaint five distinct and separate causes of action. Judgment went for defendant and against the plaintiff on the first four counts and in favor of the plaintiff on her fifth cause of action. Defendant appealed from that portion of the judgment in favor of the plaintiff under her fifth cause of action, and no appeal was taken by plaintiff from the judgment relating to the first four causes of action. The District Court of Appeal was of the opinion that the contract on which plaintiff's causes of action were based was void and illegal as being in contravention of good morals and public policy. The decision gave its mandate, "The judgment is reversed", without more. (*Brown* v. *Brown*, 8 Cal. App. (2d) 364 [47 Pac. (2d) 352].) Upon the filing of the *remittitur* plaintiff moved in the superior court to set the cause for trial upon the issues joined under all of the said five causes of action, and the court granted said motion. Prior to the date fixed for hearing the defendant moved for an order dismissing the said complaint as to the first four counts on the ground that as the plaintiff had not appealed from such portion of the judgment the issues raised thereunder had become final and the court was without jurisdiction or authority to try the same or to make any order relating to an amendment of the causes of action which plaintiff had moved the court to permit. The court made its order granting plaintiff leave to amend her several causes of action. The defendant answered, and judgment was entered in favor of the plaintiff. No appeal was taken from this judgment and time for appeal has long since expired. Thereafter the defendant moved the court for an order setting aside and vacating a portion of the said judgment, to wit, that portion thereof which is in words and figures as follows: "It is ordered, adjudged and decreed that the plaintiff Zoe Lowe Brown do have and recover judgment from the defendant Herbert Cutler Brown upon the first cause of action alleged and set forth in her amended and supplemental complaint in the sum of Nine Thousand Eighty ($9,080.00)." The court

denied this order, and it is from the order denying the same that this appeal is taken. ■ The contention of the defendant is that the judgment against the defendant on the second trial is absolutely void and a nullity, quoting 3 American Jurisprudence, section 305, page 67, as follows: "The general rule is that an objection that the trial court had no jurisdiction of the *subject matter* is fatal at any stage of the proceedings, and is not waived by a failure to raise the question in the trial court, but the objection may be raised for the first time in the appellate court."

While the case was pending in the trial court the defendant petitioned the appellate court for a writ of prohibition, the defendant contending that the trial court was without jurisdiction of the *subject matter*. What the appellate court said on that occasion is enlightening (*Brown* v. *Superior Court,* 13 Cal. App. (2d) 693 [57 Pac. (2d) 965]): "Under the facts it is claimed by respondent that the plea of a prior judgment as *res judicata* does not oust the trial court of jurisdiction, but must be heard and determined concurrently with all the other issues in the case. We see no answer to this contention. The plea of *res judicata* must be affirmatively relied upon and shown in evidence, and in some cases must be pleaded, but in no case is the plea in and for itself sufficient to oust the court of jurisdiction. In its strongest form it is nothing more than conclusive evidence upon all or some of the issues involved. When a former judgment is pleaded, either in bar or as an estoppel on some issue, there immediately arise questions as to the identity of the parties, the validity of the judgment as shown by the judgment roll, the legal effect to be given it, and many other questions. Such matters are primarily for the determination of the trial court, and whether correctly or incorrectly determined it is nevertheless the exercise of jurisdiction over the subject-matter and the parties. This being so, the plea cannot be given the effect of depriving the court of its jurisdiction to hear and determine it with all the other issues in the case. (*Baird* v. *Superior Court,* 204 Cal. 408 [268 Pac. 640].) Pleas of *res judicata* and estoppel are defensive matters and the superior court has jurisdiction to determine the merits thereof when interposed properly by pleading or proof; and, any alleged error in ruling upon such a plea being reversible on appeal, the pleader is not entitled to a writ of prohibition

to restrain the superior court from proceeding with the trial of the case when the court has jurisdiction of the parties and *subject-matter* of the action. (*Vitimin Milling Corp.* v. *Superior Court,* 1 Cal. (2d) 116 [33 Pac. (2d) 1016]; *City of Pasadena* v. *Superior Court,* 92 Cal. App. 523 [268 Pac. 664]; *Boullester* v. *Superior Court,* 137 Cal. App. 193 [30 Pac. (2d) 59].) As stated, any error on the part of the court in its determination of the effect of the prior judgment may be reviewed on appeal.''

The effect of a prior appeal and reversal without directions is to revest in the trial court authority and jurisdiction to determine whether or not the decision upon the prior appeal is *res judicata.* The court had jurisdiction of the subject matter. (*Baird* v. *Superior Court,* 204 Cal. 408, at 412 [268 Pac. 640]; *Vitimin Milling Corp.* v. *Superior Court,* 1 Cal. (2d) 116, at 121 [33 Pac. (2d) 1016]; *Pacific States etc. Co.* v. *Superior Court,* 217 Cal. 517 [19 Pac. (2d) 977]; *Reidy* v. *Superior Court,* 220 Cal. 111 [29 Pac. (2d) 780].) We are not concerned on the appeal from the order with whether the judgment of the court was right or wrong. That question is not before us. That question cannot be brought before us on an appeal from an order denying a motion to set it aside presented to the court long after the time for appeal had expired.

Order affirmed.

Wood, J., and McComb, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 25, 1938.