[L. A. No. 23726. In Bank. July 5, 1955.]

ALICE ARAXIE SAYEGH, Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; MARIE SAYEGH, as Guardian, etc., et al., Real Parties in Interest.

A. G. Ritter for Petitioner.

No appearance for Respondent.

Louis P. Pink and J. Perry Langford for Real Parties in Interest.

GIBSON, C. J.—Petitioner, the widow of Gabriel N. Sayegh, seeks a writ of prohibition to restrain respondent court from trying a petition to determine heirship in the estate of her deceased husband.

On February 18, 1952, petitioner entered into an antenuptial agreement with Mr. Sayegh which provided, among other things, that the survivor of them should have no interest in the property of the estate of the other by way of inheritance, succession, family allowance or homestead. They were married a few hours after the agreement was executed, and Mr. Sayegh died six days later, leaving a will dated February 16, 1948. The will, which was admitted to probate, named decedent's two brothers as executors and, after making some specific bequests, provided that the residue of the estate be held in trust for decedent's nieces and nephews, the children of his two brothers, who are the real parties in interest in the present proceeding.

Petitioner applied for a family allowance, which was opposed by the executors on the ground that she had waived such an allowance in the antenuptial agreement. After trial, it was found that her consent to the agreement had been obtained by duress, fraud and undue influence and she was granted a family allowance. This order was affirmed on appeal. (*Estate of Sayegh*, 118 Cal.App.2d 327 [257 P.2d 995].) The beneficiaries of the trust subsequently commenced a proceeding to determine heirship, claiming that they are entitled to distribution of all the estate except for certain specific bequests. Petitioner answered asserting that the will was revoked as to her by reason of her subsequent marriage to decedent and that her rights as heir had been determined by the order for family allowance. She requested the judge sitting in probate to terminate the heirship proceeding and to hold that the order for family allowance was a final judgment binding upon all parties interested in the estate. The judge refused to rule upon the question of the effect of the prior order and transferred the case to the master calendar department for setting and trial. Petitioner now seeks a writ of prohibition to restrain trial of the heirship proceeding, asserting that the issues are res judicata.

Ordinarily, a reviewing court will not grant prohibition until an objection to jurisdiction has been made *and overruled* in the lower court, since it is assumed that any valid objection properly brought to the attention of that court will prevail, and the writ will be unnecessary. (*Baird v. Superior Court*, 204 Cal. 408, 415 [268 P. 640] ; *Havemeyer v. Superior Court*, 84 Cal. 327, 406 [24 P. 121, 18 Am.St.Rep. 192, 10 L.R.A. 627] ; *Hanrahan* v. *Superior Court*, 81 Cal. App.2d 432, 434-435 [184 P.2d 157] ; see *Rescue Army* v.

*Municipal Court,* 28 Cal.2d 460, 464 [171 P.2d 8].) It seems obvious that the refusal of the judge to rule on the effect of the order for family allowance and his action in transferring the heirship proceeding to the master calendar department for setting and trial did not constitute a decision on the plea of res judicata. While res judicata may be a complete defense and a bar to an action, the court in which the case is pending has jurisdiction to pass upon the question of whether or not the plea is well taken. (*Reidy* v. *Superior Court,* 220 Cal. 111, 112 [29 P.2d 780]; *Baird* v. *Superior Court,* 204 Cal. 408, 412-414 [268 P. 640]; *Liberty Mut. Ins. Co.* v. *Superior Court,* 62 Cal.App.2d 601, 610-611 [145 P.2d 344]; *Goodman Bros., Inc.* v. *Superior Court,* 51 Cal.App.2d 297, 304-306 [124 P.2d 644]; see *Vitimin Milling Corp.* v. *Superior Court,* 1 Cal.2d 116, 121 [33 P.2d 1016]; *cf. Donovan* v. *Superior Court,* 39 Cal.2d 848, 851 [250 P.2d 246].) Accordingly, application for the writ is premature.

The alternative writ of prohibition is discharged and the peremptory writ is denied.

Shenk, J., Carter, J., Traynor, J., and Schauer, J., concurred.